UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW ORLEANS

| | |
|---|---|
| RAY WOLLNEY, SHAREHOLDER OF SOUTHWEST AIRLINES COMPANY, *Plaintiff,* | CIVIL ACTION NO.: 18-7363 |
| versus | JUDGE: MORGAN |
| GARY KELLY and MICHAEL VAN DE VEN, *Defendants,* | MAGISTRATE: WILKINSON |
| and | JURY DEMAND |
| SOUTHWEST AIRLINES COMPANY, *Nominal Defendant.* | |

**FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

### I.     NATURE OF THE ACTION

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Gary Kelly and Michael Van de Ven ("Defendants") while they were statutory insiders and officers of Southwest Airlines Company ("Southwest").

2. Southwest is the nominal defendant in this action within the meaning of Section 16(b).

3. Section 16(b) requires company insiders to disgorge any profits earned by Section 16(b) insiders through short-swing insider trading (i.e., non-exempt purchases and sales, or non-exempt sales and purchases, of the company's equity securities, within less than a six month

period).  Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information.

4. The SEC is allowed to pass rules that exempt transactions that are not comprehended to be within the purpose of Section 16(b).

## II. IDENTIFICATION OF THE PARTIES

5. Plaintiff Ray Wollney is a resident of the County of Lee, State of Florida.  He is a shareholder of Southwest.

6. Defendant Gary Kelly is the Chairman and Chief Executive Officer of Southwest and maintains an office at 2702 Love Field Drive in Dallas, Texas.

7. Defendant Michael Van de Ven is the Chief Operating Officer of Southwest and maintains an office at 2702 Love Field Drive in Dallas, Texas.

8. Nominal defendant Southwest Airlines Company is a Texas company headquartered at 2702 Love Field Drive in Dallas, Texas, and is the issuer in this action brought under Section 16(b) of the Securities Exchange Act.  Southwest Airlines Company is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ under the symbol LUV.

## III. JURISDICTION AND VENUE

9. Jurisdiction of this Court and venue in this District are proper pursuant to Section 27 of the Exchange Act of 1934, 15 U.S.C. § 78aa in that Defendants transact business in this District.

### IV.   FACTUAL ALLEGATIONS

10. At all relevant times, Defendants Kelly and Van de Ven were officers and statutory insiders of Southwest for the purposes of Section 16(b).

11. The SEC Form 4 filing is required of every director, officer or owner of more than ten percent of a class of equity securities registered under Section 12 of the Securities Act.

12. In a Form 4 filing made on May 17, 2016, Defendant Kelly disclosed his disposition of 11,771 Southwest shares that occurred on May 14, 2016 and disposition of 21,941 Southwest shares that occurred on May 15, 2016, both at $41.56 per share.

13. In a Form 4 filing made on August 3, 2016, Defendant Kelly disclosed his acquisition of 28,106 Southwest shares on August 2, 2016 at approximately $35.58 per share.

14. Based on these Form 4 filings, Defendant Kelly disposed of 33,712 shares of Southwest stock between May 14-15, 2016 and then acquired 28,106 shares of Southwest stock on August 2, 2016.

15. In a Form 4 filing made on May 17, 2016, Defendant Van de Ven disclosed his disposition of 6,720 Southwest shares that occurred on May 14, 2016 and disposition of 11,673 Southwest shares that occurred on May 15, 2016, both at $41.56 per share.

16. In a Form 4 filing made on August 4, 2016, Defendant Van de Ven disclosed his acquisition of 4,200 Southwest shares on August 3, 2016 at approximately $35.77 per share.

17. Based on these Form 4 filings, Defendant Van de Ven disposed of 18,393 shares of Southwest stock between May 14-15, 2016 and then acquired 4,200 shares of Southwest stock on August 3, 2016.

18. Defendants both entered a Code "F" in Column 3 of Table I of their SEC Form 4 documents relative to their dispositions made on May 14-15, 2016, which does not indicate that

there is an exemption from Section 16(b) via SEC Rule 16 b-3(e); whereas, if Defendants believed that the dispositions were exempt, they should have entered a Code "D".

19. The relevant transactions by Defendant Kelly, as shown on the aforementioned Form 4 documents filed with the SEC, reveal that he garnered total short-swing profits of approximately $168,073, as illustrated below:

| Shares Disposed | Date | Price | Shares Acquired | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 11,771 | 5/14/2016 | $41.56 | 11,771 | 8/02/2016 | $35.58 | $70,390 |
| 16,335 | 5/15/2016 | $41.56 | 16,335 | 8/02/2016 | $35.58 | $97,683 |

20. The relevant transactions by Defendant Van de Ven, as shown on the aforementioned Form 4 documents filed with the SEC, reveal that he garnered total short-swing profits of approximately $24,318, as illustrated below:

| Shares Disposed | Date | Price | Shares Acquired | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 4,200 | 5/14/2016 | $41.56 | 4,200 | 8/03/2016 | $35.77 | $24,318 |

21. Defendants' total profits recoverable by Southwest equal approximately $192,391.

22. Defendants' aforementioned purchases of Southwest shares were market purchases and not exempt from Section 16(b).

23. Defendants' aforementioned dispositions of Southwest shares were discretionary payments for tax liability and do not meet the requirements for achieving an exemption from Section 16(b).

24. Southwest had discretion to satisfy tax obligations on Defendants' restricted stock units by various methods, including by requiring the Defendants to pay such amount in cash or check or by having such amount paid through withheld shares of common stock that would otherwise have been issued to Defendants with respect to the restricted stock units.

25. Because Southwest's tax-withholding right permits Southwest discretion on the method used to satisfy tax liability, the specificity of approval requirements for an exemption under Rule 16b-3(e) are not met for the subject transactions, even if the transactions were part of a pre-approved plan.

26. Defendants Kelly and Van de Ven, by virtue of their positions with Southwest, had discretion to make decisions on behalf of Southwest related to the method used to satisfy tax liability for the restricted stock units at issue.

### V.    STATUTORY DEMAND AND VESTING OF SECTION 16(b) CLAIMS

27. By letter dated August 16, 2016, which was mailed to both Defendant Kelly and Southwest's Executive Vice President and Chief Financial Officer, Plaintiff made a 60-day demand on Southwest pursuant to Section 16(b).

28. More than 60 days have elapsed, and Southwest has failed to comply with Plaintiff's Section 16(b) demand.

29. As a result of Southwest's failure to comply with Plaintiff's demand, all rights to maintain this action have vested fully in Plaintiff pursuant to Section 16(b). Southwest is named herein only as a nominal party.

### VI.    CAUSE OF ACTION

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 29, supra, as if fully set forth herein.

31. As particularized in paragraphs 1 - 29, supra, Defendants engaged in transactions which yielded short swing profits to them, which are subject to disgorgement to Southwest.

## VII. ALLEGATIONS AS TO DEMAND

32. On August 16, 2016, Plaintiff made due demand on Southwest to commence this lawsuit but it has failed to do so.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, Gary Kelly and Michael Van de Ven, in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other and further relief as this Court may deem just and proper. Plaintiff further prays for a trial by jury.

Respectfully submitted:

| | |
|---|---|
| */s/ Kenneth C. Bordes* | */s/ Joseph B. Landry, Jr.* |
| Kenneth C. Bordes (La. Bar 35668) | Joseph B. Landry, Jr. (La. Bar 35200) |
| Kenneth C. Bordes, Attorney at Law, LLC | Joseph B. Landry, Jr., APLC |
| 2725 Lapeyrouse Street | 3015 19th Street |
| New Orleans, LA 70119 | Metairie, LA 70002 |
| Telephone: (504) 588-2700 | Telephone: (504) 332-2220 |
| Facsimile: (504) 708-1717 | Facsimile: (504) 332-2221 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |